# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

Patricia L. Desmond,

      Plaintiff,

      v.

Tammy Desmond, Mark Tribuani,
PNC Investments LLC, and PNC
Bank National Association,

      Defendants.

)
)
)
)     C.A. No.:  N23C-06-252 FJJ
)
)
)
)
)
)
)
)
)

## ORDER

This 15th day of February, 2024, upon consideration of Defendants' Motion to Dismiss the Plaintiff's Complaint, the Court finds the following:

This is an action brought by a mother, Patricia Desmond ("Patricia"), against her daughter, Tammy Desmond ("Tammy"), and her grandson, Mark Tribuani ("Mark").[1]  The original Complaint in this case was filed on June 28, 2023.[2]  Plaintiff has filed a number of amended complaints.  The operative Complaint to be considered for Defendants' Motion to Dismiss is the Second Amended Complaint ("Complaint").  In the Second Amended Complaint, Patricia

---

[1] Patricia also sued PNC Bank. N.A and PNC Investment, LLC.  Plaintiff's claims against the PNC entities were arguably subject to a binding arbitration agreement.  This Court has stayed those claims in favor of the arbitration process.
[2] Pl's Omnibus Resp. to PNC Bank and PNC Investments LLC's Mot. to Dismiss the Second Amend. Compl. and Joinder of Tammy Desmond and Mark Tribuani.

1

alleges that her daughter and grandson took advantage of a confidential relationship that she, as an elderly widow, shared with Tammy and Mark. Plaintiff claims that Tammy and Mark overmedicated her and subjected her to other forms of physical and emotional abuse, while they plundered her bank and retirement investment accounts and forged checks.[3] The Complaint alleges that these activities occurred between 2012 and 2022. Defendants have moved to dismiss Plaintiff's Complaint on the grounds that the claims are barred by the applicable statute of limitations.[4]

## STANDARD OF REVIEW

"Under Superior Court Civil Rule 12(b)(6), the legal issue to be decided is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[5] Under that rule, the Court will:

(1) accept all well pleaded factual allegations as true;

(2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim;

(3) draw all reasonable inferences in favor of the non-moving party; and

---

[3] *Id*.
[4] Joinder of Defs. Mot. To Dismiss the Pl's. Compl.
[5] Del. Super. Civ. R. 12(b)(6).

(4) [not dismiss the claims] unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.

"If any reasonable conception can be formulated to allow [p]laintiff's recovery, the motion must be denied." If the claimant may recover under that standard, then the Court must deny the motion to dismiss. This is because "[d]ismissal is warranted [only] where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."

## ANALYSIS

The parties agree that the applicable statute of limitations is three years pursuant to 10 *Del.C.* §8106. On a motion to dismiss, the defendants bear the burden of proving that a limitations period has lapsed and that a claim is time barred.[6] However, when a complaint asserts a cause of action that on its face occurred outside the statute of limitations, the plaintiff has the burden of pleading facts leading to a reasonable inference that one of the tolling doctrines adopted by Delaware Courts applies.[7]

---

[6] *Young & McPherson Funeral Home, Inc. v. Butler's Home Improvement, LLC*, 2015 WL 4656486 (Del. Super. 2015)
[7] *Id.*

3

Defendants maintain that Plaintiff's claims are time barred since the claims accrued well before June 28, 2020.[8] In response, Plaintiff argues that because the Defendants engaged in fraudulent concealment and the discovery of the concealment was inherently unknowable, the limitations period has not lapsed.

In her Complaint, Plaintiff has alleged facts that establish that the looting of her retirement accounts was inherently unknowable because her mail was being intercepted by one of the Defendants and that the Defendants were overmedicating the Plaintiff.[9] Plaintiff maintains that these facts trigger the tolling of the statute of limitations.

These facts as an initial matter do trigger the applicability of the inherently unknowable or fraudulent concealment tolling exceptions.[10] However, for these exceptions to apply, it must be determined when the plaintiff was on inquiry notice of a claim. The statute of limitations "will begin to run only upon the discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts".[11] Where the facts are

---

[8] Joinder of Defs. Mot. To Dismiss the Pl's. Compl.
[9] *See* Second Amended Complaint at ¶¶24 and 25.
[10] *State ex rel. Brady v. Pettinaro Enterprises*, 870 A.2d 513 (Del. Ch. 2005).
[11] *Young & McPherson Funeral Home Inc.,* 2015 WL 4656486.

unclear regarding when inquiry notice should have occurred, it is prudent for the Court to allow discovery to enable the inquiry notice determination to be made.[12]

In the instant case, Plaintiff has alleged facts that would trigger the application of the tolling of the statute of limitations. However, this Court finds that the record is not complete enough for the Court to determine when inquiry notice arose. Since it is undisputed that at least a portion of the claims Plaintiff has made include the three year time period before suit was filed, which would mean that these claims are not subject to any statute of limitations defense, and because the Court needs additional discovery to address the inquiry notice issue, the Court will deny the Motion to Dismiss to allow the parties the opportunity to fully develop the record on all issues including the facts surrounding the statute of limitations defense.

For the stated reasons Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr. Judge

cc: File & ServeXpress

---

[12] *Eden v. Oblates of St. Francis De Sales,* 2006 WL 3512482 (Del. Super. 2006).